**In re Robert Eugene MOZINGO, Debtor.**

**Bankruptcy No. 93–40091–2.**

United States Bankruptcy Court, W.D. Missouri.

April 16, 1993.

Jorge A. Elliott, Kansas City, MO, for creditor.

Charles R. Wilson, Overland Park, KS, for debtor.

Rick Fink, Chapter 13 Trustee.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This matter comes before the Court in the form of an objection to claim but the real gravamen of the matter is what is the nature and character of certain awards made by the Circuit Court of Jackson County in a Domestic Relations judgment dated December 16, 1986, vis-a-vis classification, allowance and dischargeability. The debtor was ordered to pay the creditor $600.00 per month for her ongoing maintenance and was further ordered to pay her then and present counsel the sum of $2,500.00 as attorney fees. It is the contention of the creditor that said latter sum is in lieu of maintenance and that, therefore, both the $6,381.79 claimed as arrearage for the maintenance award and the $10,776.09 claimed as the unpaid balance of the attorney fees are not dischargeable and are separately classifiable. The state court decree seems clear and there has been no contention that the award of the $600.00 per month was not maintenance or that the award of attorney fees was not in lieu of maintenance.

The disagreement between the parties centers on the effect of a purported assignment of such awards and then the purported revocation of said assignment some nine months later. From the evidence adduced at the trial, creditor assigned Jorge A. Elliott, her attorney (as and for the *partial settlement* of his fees) "all her right, title and interest in and to a certain judgment for maintenance and attorney fees ..." That assignment was notarized January 23, 1992. Apparently, it was subsequently filed with the Jackson County Circuit Court but the file stamp is not easily decipherable.

In any event, on September 3, 1992, Attorney Elliott wrote to one Jaci Morgan (the Assistant Jackson County Circuit Court Administrator) and inter alia stated:

"Pursuant to our earlier discussion please be advised that I hereby revoke all interest under an assignment by Luveada Alice Mozingo to me as her attorney for maintenance and the judgment for maintenance heretofore entered in this cause. This revocation does not include any rights that may arise from the assignment as and for attorney fees."

Presumably, the Circuit Court Administrator gave full credence to the letter because at least two maintenance garnishments were issued after September 3, 1992. Accordingly, this Court will also act as though said letter cancels the assignment. The foregoing are undisputed facts and lead directly to the issue of the classification of the two items and the dischargeability thereof.

The first consideration is 11 U.S.C. § 523(a)(5). That statute provides:

"A discharge under section ... 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a government unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 402(a)(26) of the Social Security Act [42 USC § 602(a)(26)], or any such debt which has been assigned to the Federal Gov-

ernment or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;"

Clearly the determining factor then is the assignment (not under § 402(a)(26) of the Social Security Act or to the Federal Government or to a State, etc.) to creditor's attorney. The Court has found no cases directly in point.

■ The Court believes that the problem breaks into two areas. First, are the attorney fees dischargeable? Second, what if any of the maintenance arrearages are dischargeable? As to the first question, it is the belief of the Court that all of the attorney fees have become dischargeable (even if they were awarded in lieu of maintenance) by the assignment. This conclusion is buttressed by the realization that the letter of September 3, 1992, specifically stated that the revocation did not "include any rights that may arise from the assignment as and for attorney fees". Stated another way, the assignment of January 23, 1992, assigned the attorney fees, the letter of September 2, 1992, did not attempt to unassign the attorney fees and 11 U.S.C. § 523 specifically excludes from nondischargeability any debt to a spouse that has been assigned to another entity.

■ The second question is not so easy to resolve. True, the assignment ostensibly has been revoked by the letter from the assignee, but what was the effect of the assignment on the arrearages accruing before January 23, 1992, and what was the effect of the assignment on the arrearages accruing between January 23, 1992, and September 3, 1992.

For two reasons the Court concludes that all arrearages accruing before September 3, 1992, are dischargeable and that 11 U.S.C. § 523(a)(5) mandates such a result. The first reason is that the literal interpretation of the statute speaks only of debt which "is assigned to another entity." Clearly the two debts were assigned to Attorney Elliott. The Court can find noth-

ing in the statute that indicates if the debts are reassigned to the former spouse, or subsequently assigned to the Federal Government or a State, that this removes the proscription. Congress made awards of maintenance/support (or awards in lieu thereof) non-dischargeable to protect former spouses and children. Once said items are no longer property of the former spouse or child the rationale for making the debt nondischargeable disappears. The exception, of course, is where the former spouse has had to seek governmental aid and has assigned the maintenance/support award to the government for the money advanced. There is no reason to believe that any funds paid by this debtor will ever enhance the position of the former spouse.

The second reason is based on the documentation in the state court proceeding. The assignment was by notarized document. The purported revocation was by letter un-notarized, unwitnessed, un-anything. Most importantly, it twice denies the nondischargeability by first explicitly excluding the attorney fees judgment from whatever effect it had and secondly reducing the execution to $6,925.00 so that it can be shown as "a maintenance award rather than a general judgment." The Court called Ms. Jaci Morgan to obtain a copy of the certified copy of the power of attorney executed by the former spouse as mentioned in the September 3, 1992, letter. That Court Official searched the DR86–3712 Circuit Court file and could find no such document. This Court was proffered no such document. The Court believes that any purported revocation affects only the ongoing payments for support and which became due after September 3, 1992. In other words, the pre-revocation (if the letter of September 3, 1992, is a revocation) arrearages were assigned as of January 23, 1992. Everything then due or which became due until the September letter, was assigned and, therefore, became dischargeable.

Once said debts were dischargeable, they did not become non-dischargeable just because counsel wrote a letter. The public policy that would normally make such

items nondischargeable was no longer served the moment that the former spouse's attorney was going to receive the benefit of the debt rather than the former spouse. The Court believes that a party which can assign, can terminate the assignment. The Court also believes that that is the sole effect of the September letter, i.e., termination. The assignment stopped and sums becoming due after that date (by virtue of the maintenance award) would be nondischargeable. The letter does not cure the taint of assignment as to the past payments, but does cure same as to the future payments.

The objections to the claims must be denied in that whatever debtor owed to Attorney Elliott for the assigned attorney fees is allowable as a general unsecured claim, as is whatever is owed to either Attorney Elliott or the former spouse for the assigned support payment arrearages accrued prior to September 3, 1992. That said claims are dischargeable like any other unsecured obligation does not bear on whether said claims are allowable. Dischargeability, allowance and classification are not based upon the same consideration and are not interdependent.

Debtor may wish to treat the post September 1992 arrearages differently than the pre September 1992 arrearages. *In re Leser*, 939 F.2d 669 (8th Cir.1991). If the parties cannot agree on the amounts accruing since September 2, 1992 the Court will rule the issue upon proper motion and hearing. However, the Court usually follows a F.I.F.O. approach if payments are not specifically labeled or otherwise designated.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.